IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN ELENBAAS,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICER AKILISON,<br>OFFICER PARSON,<br>OFFICER MELVIN,<br><br>  Defendants. | Civil Action No.:  JRR-22-1340 |

**MEMORANDUM OPINION**

On June 3, 2022, self-represented Plaintiff Ryan Elenbaas filed a civil rights Complaint (ECF No. 1) together with a Motion to Proceed *in Forma Pauperis* (ECF No. 2).  Mr. Elenbaas is incarcerated at the Baltimore County Detention Center.  He raises two discrete claims in his complaint.

The first claim concerns an incident that allegedly occurred on March 9, 2022.  Mr. Elenbaas alleges that he was standing outside of his assigned cell when Defendant Officer Akilison closed the cell door and opened the door of another inmate with whom Mr. Elenbaas does not get along.  After exchanging profanities with the other inmate, Mr. Elenbaas alleges he was punched once by the inmate with whom he does not get along well.  Another officer, Officer Henries, came into the housing unit and stepped between the two men to keep the peace.  Mr. Elenbaas alleges that later that same day he asked Sergeant Colbert whether anyone one was coming to speak to him about the incident with the inmate; Sergeant Colbert responded that she knew nothing about it.  Mr. Elenbaas alleges further that the following day, after Sergeant Colbert reviewed the security tapes, she retrieved Mr. Elenbaas from his cell to speak in order that he could speak with a police

officer about the incident. Mr. Elenbaas avers that the inmate who punched him was charged with second-degree assault. ECF No. 1 at 3.

The second claim concerns an incident that allegedly occurred on March 24, 2022. Mr. Elenbaas alleges he was moved to a housing unit and told he was assigned to a cell with another inmate who did not like him. He alleges further that when he told Officers Parsons and Melvin about the problem with his cell assignment, the officers told him that he could "man up" and stay in the cell or be returned to segregation. Mr. Elenbaas alleges he relented and agreed to move into the cell and then twenty to thirty minutes later, he was attacked from behind by the "other inmate." ECF No. 1 at 4. He alleges that he "bled for a while" and his finger was broken. *Id*. Mr. Elenbaas invites the court to review the security video surveillance. *Id*.

Regarding the claim asserted against Officer Akilison, Mr. Elenbaas alleges only that he closed Mr. Elenbaas' cell door and opened another. Plaintiff Elenbaas alleges no facts – even liberally construed – to assert that Officer Akilison was aware of or appreciated, and then ignored, an unreasonable risk to Mr. Elenbaas' safety and well-being. "A failure-to-protect claim brought by a pretrial detainee constitutes a due process claim under the Fourteenth Amendment, but the same standards apply as for an Eighth Amendment claim brought by a convicted prisoner." *King-Fields v. Leggett*, No. CIV.A. ELH-11-1491, 2014 WL 694969, at *10 (D. Md. Feb. 19, 2014). An Eighth Amendment claim for failure to protect requires proof that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, there is no allegation that Officer Akilison knew that Mr. Elenbaas would be at risk if he opened the door as alleged in the complaint. The claim will therefore be dismissed pursuant to 28 U.S.C. § 1915 (e)(B)(ii) which requires this court to dismiss an action that fails to state a claim on which relief may be granted.

The court will permit Mr. Elenbaas' second claim, asserted against the remaining two defendants, to proceed; however, the affidavit in support of Plaintiff's Motion to Proceed *in Forma Pauperis* fails to conform with the requirements of 28 U.S.C. § 1915(a)(2), the relevant portion of which provides that "[a] prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Thus, Plaintiff Elenbaas must obtain from each of the prisons where he was incarcerated over the past six months an inmate account information sheet showing the deposits to his account and monthly balances maintained therein.

In order to assist Plaintiff in providing this information to the Court, the Finance Officer at Baltimore County Detention Center shall be directed to file a certificate which indicates (1) the average monthly balance in the account for the six-month period immediately preceding the filing of this Complaint and (2) the average monthly deposits to the account during that time.

Accordingly, it is this 17th day of June 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The complaint as to Defendant Officer Akilison shall be, and is hereby, DISMISSED;
2. Plaintiff shall be, and is hereby, required to inform the court by written filing of any change of address during the pendency of this action pursuant to Local Rule 102.1.b.iii (D. Md. 2021);
3. Within TWENTY-ONE (21) days following the date of this order, the Finance Officer at Baltimore County Detention Center SHALL FILE an inmate account summary information sheet for the past six months of Plaintiff's incarceration. The Finance Officer ALSO

SHALL FILE a certificate which indicates (a) the average monthly balance in the account for the six-month period immediately preceding the filing of this complaint; and (b) the average monthly deposits to the account during that time. The Finance Officer SHALL PROVIDE Plaintiff with a copy of any documentation filed with the Court. Plaintiff is cautioned that his failure to assist prison personnel in obtaining such information will result in dismissal without prejudice of this action without further notice from the Court; and

4. The Clerk of Court is respectfully directed to mail a copy of this order to the FINANCE OFFICER at Baltimore County Detention Center and to Plaintiff.

_____/s/_____
Julie R. Rubin
United States District Judge